IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE DURAN et al.,

    Plaintiffs,

v.                                                                            Case No. 1:16-cv-00928-WJ-KK

CRAIG DILL,
Chapter 11 Trustee,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Craig Dill's ("Defendant") Motion to Dismiss (**Doc. 3**), filed October 26, 2016. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's Motion is well taken. Therefore, the Motion is **GRANTED** and Plaintiff's claims are dismissed with prejudice.

## BACKGROUND[1]

Plaintiffs Steve Duran, David Duran, and Rick Jaramillo are equity partners in the Railyard Company, LLC, of Santa Fe, New Mexico (the "Debtor"). On September 4, 2015, the Debtor commenced a Bankruptcy Case by filing a voluntary petition for relief (the "Petition") under Chapter 11 of the Bankruptcy Code. On March 30, 2016, the Bankruptcy Court entered a Memorandum Opinion and Order directing the United States Trustee to appoint a Chapter 11

---

[1] These facts are taken from the Complaint and from records in the Bankruptcy Case proceedings. When considering a motion to dismiss, the court may consider facts subject to judicial notice without converting the motion into a motion for summary judgment. The court is further permitted to take judicial notice of its own files and records, as well as facts in the public records. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004).

Trustee in the Bankruptcy Case for cause based on the totality of the circumstances. On June 15, 2016, the United States Trustee filed its Amended Application for Approval of Appointment of Chapter 11 Trustee (the "Trustee Application") wherein it requested the Bankruptcy Court's approval of the appointment of Mr. Dill as Chapter 11 Trustee. On June 27, 2016, Plaintiffs Steve Duran and Rick Jaramillo each filed objections to the Trustee Application asserting that Craig Dill was not a "disinterested party" as required by the Bankruptcy Code due to certain professional relationships.

On July 13, 2016, the Bankruptcy Court issued a Memorandum Opinion and Order Approving the United States' Trustee's Second Application for Approval (the "Appointment Order") approving the appointment of Mr. Dill as the Chapter 11 Trustee of the Debtor's bankruptcy estate (the "Estate"). Mr. Dill continues to serve in that capacity. In the Appointment Order, the Bankruptcy Court found:

> Mr. Dill has no personal or professional relationships with the parties in interest in this case. Mr. Dill has had some professional interactions with some of the attorneys representing parties in interest in this case. However, none of those relationships disqualified Mr. Dill from being disinterested.

Further, the Bankruptcy Court concluded as a matter of law that Mr. Dill is disinterested:

> Applying the exacting disinterested standard for appointment of a Chapter 11 trustee, the court holds that Mr. Dill is a disinterested person as defined in Section 101(14) [of the Bankruptcy Code].[2] Mr. Dill's professional relationships with the UST and attorneys representing interested parties in this case are not enough to even faintly color Mr. Dill's independence … Mr. Dill has no scintilla of personal interest in the matters effecting this estate.

---

[2] The term "disinterested person" means a person that--(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.  11 U.S.C. § 101(14).

No party timely filed a notice of appeal of the Appointment Order in the Bankruptcy Case. Instead, Plaintiffs filed a Complaint for Breach of Fiduciary Duty ("Complaint") in this Court on August 15, 2016 (Doc. 1). Plaintiffs allege Defendant breached his fiduciary duties because he is "not disinterested." Plaintiffs request that this Court rescind Mr. Dill's appointment as Chapter 11 Trustee.

In the Complaint, Plaintiffs claim Defendant is not a disinterested person because he has materially adverse interests indicated by his allegedly prejudiced statements against Plaintiffs and the Debtor.[3] Specifically, Plaintiffs allege Mr. Dill made the following statements:

> (1) that the subject property does not have any equity; (2) that the members of Railyard Co. LLC are at the bottom of totem poll [sic]; (3) that Railyard Co. LLC partners including the Plaintiff do not have a say in further decisions about the subject property; (4) that he (the Defendant) is the golden boy and that the end is near for Railyard Co. LLC, (5) that the estate does not have any claims against any party of interest; (6) that the 2014 professional appraisal is not significant; and (7) that he would not peruse [sic] any claims on behalf of the estate/(Railyard Co. LLC.)

Plaintiffs insist Defendant's numerous prejudiced statements against the interests of Plaintiffs and the Debtor, as well as his dependency on income from the Office of the U.S. Trustee render him far from disinterested and thus unqualified to serve as Chapter 11 Trustee.

On October 7, 2016, an unknown person handed an envelope to Mr. Dill. Inside the envelope was a copy of the Complaint and a document entitled "Summons in a Civil Action." The Alleged Summons is not signed by the Clerk of this Court, does not bear the Court's Seal, and is clearly not a summons issued pursuant to Fed. R. Civ. P. 4(b). To date, the Court's Docket reflects that the Clerk of Court has not issued a summons to Defendant and no certificate of service has been filed pursuant to Fed. R. Civ. P. 4(l).

---

[3] Plaintiffs further argue "disinterestedness" by claiming the U.S. Trustee made certain statements and conducted *ex parte* meetings with creditors. However, the Court does not consider these allegations in entertaining this Motion because the U.S. Trustee is not a named Defendant in this matter.

Defendant filed a Motion to Dismiss for Failure to State a Claim (**Doc. 3**) on October 26, 2016. Plaintiffs did not timely file any Response. Defendant filed a Notice of Completion of Briefing (**Doc. 5**) on November 15, 2016. Under this district's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Therefore, the Court grants the Motion and dismisses Plaintiffs claims with prejudice.

## LEGAL STANDARD

A motion to dismiss based on quasi-judicial immunity is typically evaluated under Rule 12(b)(6). *In re Hunter*, 553 B.R. 866, 870 (Bankr. D. N.M., 2016). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and then determines whether the complaint plausibly states a legal claim for relief. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

## DISCUSSION

Defendant makes four principal arguments in support of his Motion to Dismiss. First, the Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based on the quasi-judicial immunity of Mr. Dill as an officer of the Court. Second, the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) for failure to obtain the Bankruptcy Court's permission to sue a bankruptcy trustee. Third, the Complaint should be dismissed for insufficient process under Fed. R. Civ. P. 12(b)(4) for failure to obtain a proper summons. Fourth, the Complaint should be dismissed for insufficient service

of process under Fed. R. Civ. P. 12(b)(5) for failure to serve a proper summons and complaint on Mr. Dill.  The Court addresses each argument in turn, and finds that Plaintiffs' Complaint must dismissed under any one of Defendant's arguments.

**I.        Defendant Is Immune From Suit as an Officer of the Court.**

The Court agrees with Defendant that, as Trustee, he is immune from suit.  Defendant argues Plaintiffs' claims against him are barred because he is entitled to quasi-judicial immunity as an officer of the Court.  More specifically, Defendant enjoys quasi-judicial immunity from suit for acts committed within the scope of his official duties and, even accepting all factual allegations as true, the Complaint does not allege he committed any acts outside those duties.  Defendant relies upon *Hunter*, where the United States Bankruptcy Court followed the Tenth Circuit's two general rules of quasi-judicial immunity for bankruptcy trustees:

> First, for all claims except those alleging breach of fiduciary duty, trustees have absolute quasi-judicial immunity from personal liability if they acted within the scope of their authority. Second, trustees have partial quasi-judicial immunity from personal liability for claims that they breached their fiduciary duties.

553 B.R. at 871.  Defendant argues the Complaint contains no allegations that Mr. Dill breached any fiduciary duties, therefore Plaintiffs claim fails as a matter of law.  For example, Plaintiffs do not contend Mr. Dill engaged in self-dealing, improper self-enrichment, or willful and deliberate acts adverse to the Estate.  Instead, they contest Mr. Dill's actions taken in the course and scope of his official duties as Trustee.  Even if Mr. Dill's statements are accepted as true for purposes of the Motion to Dismiss, they do not allege breach of fiduciary duties.

The Court agrees with Defendant and dismisses the Complaint.  Even taking each of Plaintiffs' factual allegations as true, Plaintiffs simply have not stated a claim for breach of fiduciary duty by Defendant.  The only actions challenged by Plaintiffs pertain to Defendant's conduct as Trustee.  Under the rules outlined in Hunter, Defendant here enjoy absolute quasi-

5

judicial immunity from personal liability because under the facts alleged, the challenged actions took place within the scope of Defendant's authority as Trustee.  As Defendant correctly points out, the only acts Plaintiffs accuse Trustee of committing are that he made statements of opinion concerning various aspects of the Bankruptcy Case including, the Debtor's equity in certain property of the Estate, the role of the Plaintiffs in the case, and the claims in the case.  No fiduciary duties are alleged as having been breached and no acts are alleged as having breached them.  The Complaint does not contain a single allegation of self-dealing, improper self-enrichment, or willful and deliberate acts adverse to the Estate.  Therefore, the Court concludes Defendant is immune from suit as a quasi-judicial officer, and Plaintiffs' claims are dismissed with prejudice.

## II.     There Is No Subject Matter Jurisdiction Under The *Barton* Doctrine.

Defendant next argues the Complaint must be dismissed because Plaintiffs have not obtained permission to sue Defendant as required by the doctrine articulated by the United States Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 136 (1881).  The *Barton* doctrine requires that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." *Id.* at 128.  "A plaintiff who brings such a suit, the Court reasoned, attempts to 'obtain some advantage over the other claimants upon the assets in the receiver's hands.'  If allowed to proceed, 'the court which appointed the receiver and was administering the trust assets would be impotent to restrain' such a plaintiff, complicating the proper administration of the estate." *Satterfield*, 700 F.3d at 1234 (quoting *Barton*, 104 U.S. at 128).  The Tenth Circuit applies the Barton doctrine in suits against a bankruptcy trustee where a plaintiff's claims arise from acts done in the trustee's official capacity and within the trustee's authority as an officer of the court. *Id.*  "[T]he *Barton* doctrine is jurisdictional in nature . . . Accordingly, dismissal under

*Barton* should be made pursuant to Fed. R. Civ. P. 12(b)(1) rather than 12(b)(6)." *Satterfield v. Mallory*, 700 F.3d 1231, 1234 (10th Cir. 2012).  Defendant states it is undisputed that Plaintiffs have not sought this Court's or the Bankruptcy Court's permission to sue Defendant.  Moreover, the Complaint does not allege Defendant was acting outside the scope of his official duties as Chapter 11 Trustee.

The Court finds it has no subject matter jurisdiction over this case under the *Barton* doctrine.  As Mr. Dill notes, there is no evidence or argument showing Plaintiffs sought permission from this Court or the Bankruptcy Court to sue Mr. Dill based on acts allegedly done in Mr. Dill's capacity as Trustee.  Moreover, as alleged in the Complaint, each of Mr. Dill's acts that the Plaintiffs challenge occurred in Mr. Dill's official capacity as Trustee.  Plaintiffs have provided absolutely no meritorious argument that would lead the Court to an alternate conclusion.  Thus, the Court dismisses Plaintiffs' claims for lack of subject matter jurisdiction.

### III.  Insufficient Service of Process Under Fed. R. Civ. P. 12(b)(4) for Failure to Obtain a Proper Summons.

In support of its third argument, Defendant argues no summons has been issued by the Clerk of this Court, so Plaintiffs have failed to comply with the Federal Rules of Civil Procedure and process is insufficient.  Fed. R. Civ. P. 4(a) and 4(b) require that a summons shall be signed by the clerk, shall bear the court's seal, and shall be issued by the clerk of court for each defendant to be served.  Because no summons has been issued, Plaintiffs failed to comply with Fed. R. Civ. P. 4 and process is insufficient.  The Court agrees, and dismisses the Complaint under Fed. R. Civ. P. 12(b)(4), which provides the basis for dismissal based on insufficient process. To date, the docket does not reflect that a proper summons has been issued by the Clerk of this Court.

### IV.  Insufficient Service of Process Under Fed. R. Civ. P. 12(b)(5) for Failure to Serve a Proper Summons and Complaint on Defendant.

Lastly, Defendant correctly points out that Fed. R. Civ. P. 4(c) requires that a summons must be served with a copy of the Complaint.  Because no summons has been issued by the Clerk, service of the summons and Complaint cannot have been made upon Mr. Dill.  Plaintiffs attempted to serve Mr. Dill with a document purporting to be a summons, but the alleged summons was neither signed by the Clerk nor did it bear the seal as required by Fed. R. Civ. P. 4(a).  The document was thus not a "summons" for purposes of proper service under Fed. R. Civ. P. 4(c).  Furthermore, as Defendant highlights, Plaintiffs failed to provide proof of service pursuant to Fed. R. Civ. P. 4(l), which provides that proof of service must be made to the Court.  Accordingly, the Court dismisses the Complaint under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

Simply stated, the legal and factual matters asserted in Plaintiff's Complaint are totally devoid of any legal merit.  Accordingly, the Court finds that Defendant's Motion to Dismiss is well-taken and therefore **GRANTED**.  Plaintiffs' claims are hereby DISMISSED WITH PREJUDICE.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE